IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERWIN THOMAS VERA, | : | |
| Plaintiff, | : | 1:09-CV-341 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| PENNSYLVANIA HIGHER | : | |
| EDUCATION ASSISTANCE AGENCY, | : | |
| BY ITS AGENTS AND OFFICERS, | : | |
| Defendant. | : | |

# **MEMORANDUM**

## **March 20, 2013**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Pending before the Court is the Report and Recommendation ("R&R") of Chief Magistrate Judge Carlson (Doc. 145) filed on February 26, 2013, recommending that Defendants' Motion for Summary Judgment on Plaintiff's remaining discrimination claims (Doc. 116) be granted and that this case be closed. Objections to the R&R were due by March 15, 2013 and to date, none have been filed. Accordingly, this mater is ripe for our review. For the reasons that follow, we shall adopt the Magistrate Judge's R&R in its entirety, grant the Defendant's motion for summary judgment and close this case.

**I.    STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. DISCUSSION

Magistrate Judge Carlson's 41-page R&R is cogent, thorough and well-reasoned. As such, it is entirely unnecessary for us to parrot his efforts, but for the sake of the reader, we shall briefly summarize herein the basis for our adoption of his recommendations.

This employment discrimination action was brought on February 23, 2009

by Plaintiff Erwin Thomas Vera ("Plaintiff" or "Vera") against his employer, Pennsylvania Higher Education Assistance Agency ("PHEAA"), and its officers and agents (collectively "Defendants"). In his complaint, Vera alleged that the Defendants engaged in acts of discrimination and retaliation against him based on his race and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) *et seq*. By prior Order of this Court (Doc. 144), summary judgment was granted in favor of Defendants on Vera's retaliation claims, thus the only remaining claims in the case concern Vera's allegations of workplace discrimination. The merits, or lack thereof, of these claims are addressed in the instant R&R of Magistrate Judge Carlson.

Vera's remaining actionable contention is that PHEAA discriminated against him because of his race and/or national origin when the agency demoted him from Vice President in the MCA Department to Assistant Vice President in the Small Business Loans Department. Vera additionally contends that his negative performance evaluation, which did not result in the loss of any compensation, was also discriminatory. However, as the Magistrate Judge describes in great detail, Vera has failed to come forward with any probative evidence to show that PHEA's decision to demote him in 2006 was pretextual, and he has not demonstrated that he suffered this adverse employment action under conditions that give rise to an

inference of discrimination.  Simply stated Vera has not provided a sufficient evidentiary basis to support his contention that his 2006 demotion was in any way related to his race or national origin, and there is substantial evidence demonstrating that the employment action had nothing to do with these prohibited considerations.  Accordingly, based on the foregoing, granting summary judgment on Vera's discrimination claims in favor of Defendants is entirely appropriate.

As we have already mentioned, neither Defendants nor the Plaintiff have filed objections to this R&R.  Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety.  With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*.  An appropriate Order shall issue.